### TIDWELL v. DUNBAR.

ATKINSON, J. 1. A warrant was issued under the Civil Code (1895), § 4813 et seq. (Civil Code (1910), § 5385 et seq.), to evict one as a tenant holding over. The defendant filed with the officer charged with the duty of executing the warrant a counter-affidavit and bond to prevent eviction. Thereafter, to wit, on August 20th, the officer delivered all the papers connected with the proceedings to the justice of the peace who issued the warrant. The papers were so delivered before the beginning of the September term of the superior court, which convened on September 20th, to which term the proceedings were by statute returnable. The justice of the peace, without fault upon the part of the plaintiff or his counsel, did not deliver the papers to the clerk of the superior court until September 30th, during the September term, at which time the clerk entered the case upon the docket to the November term. The record does not disclose that the plaintiff instituted proceedings in court to collect rent. *Held*, that it was not error at the next January term to overrule a motion of the defendant to dismiss the proceedings on the ground that the plaintiff withheld the papers and failed to return them to the "next term of the court, as required by law," but brought other and additional proceedings for rent for the premises against defendant, thereby evincing a disposition to abandon the dispossessory-warrant proceedings; or upon the ground that the September term had passed without the warrant having been returned thereto as required by law, but that it was returned to the November term "in violation of defendant's legal rights."

2. At the trial, during the January term, it was not error to enter an order directing the clerk to docket the case nunc pro tunc to the September term.     *Judgment affirmed. All the Justices concur.*

JUNE 17, 1911.

Eviction. Before Judge Hammond. Richmond superior court. February 19, 1910.

*B. B. McCowen,* for plaintiff in error.     *C. E. Dunbar,* contra.